IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JEREMIAH D. PONDER,                      :
                                         :
            Plaintiff,                   :
                                         :
VS.                                      :        NO. 5:25-cv-540-MTT-ALS
                                         :
Sgt. GEORGIA BLOODSAW; *et al.*,         :
                                         :
            Defendants.                  :
_____           :

## ORDER

Pro se Plaintiff Jeremiah Ponder, a prisoner incarcerated at Macon State Prison in Oglethorpe, Georgia, filed a 42 U.S.C. § 1983 action in the United States District Court for the Northern District of Georgia.  ECF No. 1.  Because Plaintiff complained about an incident that occurred in Macon State Prison, that Court transferred the action to the United States District Court for the Middle District of Georgia.  ECF No. 2.  While Plaintiff did not move to proceed *in forma pauperis*, the Court assumes he wishes to do so because he did not pay the required filing fee.   Plaintiff may not, however, proceed *in forma pauperis* because he has three strikes under the Prison Litigation Reform Act ("PLRA") and has not alleged he is in imminent danger of serious physical injury.   Plaintiff's action is, therefore, **DISMISSED WITHOUT PREJUDICE**.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

if [he] has, on 3 or more prior occasions, while incarcerated or detained in

> any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This is known as the "three strikes provision."

Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).   Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury.   *Id.*   The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.   *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous federal lawsuits while incarcerated and at least three of his § 1983 complaints were dismissed as frivolous, malicious, or for failure to state a claim.   *See* Order Dismissing Compl., *Ponder v. Keyth*, No. 1:18-cv-2761-LMM (N.D. Ga. July 16, 2018), ECF No. 5 (adopting recommendation to dismiss § 1983 complaint for failure to state a claim); Order Dismissing Compl., *Ponder v. LaGrua*, No. 1:18-cv-03042-LMM (N.D. Ga. Sept. 15, 2018), ECF No.

2

13 (adopting recommendation to dismiss § 1983 complaint for failing to state a claim); Order Dismissing Compl., *Ponder v Allen*, No. 1:18-cv-03207-LMM (N.D. Ga. Sept. 15, 2018), ECF No. 8 (recharacterizing Plaintiff's filing as § 1983 claim (per Plaintiff's request) and dismissing pursuant to 28 U.S.C. § 1915A for failure to state a claim).[1]

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury.   28 U.S.C. § 1915(g).   To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *Sutton v. Dist. Att'y Off.*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).   Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice.   *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).

---

[1] The Court notes that the Northern District specifically advised Plaintiff that "if, while incarcerated, he has one more civil action or appeal dismissed on the basis that it is frivolous, malicious, or fails to state a claim upon which relief may be granted (like the -3042 Case and the -3207 Case), he will become subject to the filing restrictions in 28 U.S.C. § 1915(g) . . . . "   Order, *Ponder v. Allen*, No. 1:18-cv-03207-LMM (N.D. Ga. Sept. 5, 2018), ECF No. 8.   At that time, however, at least one of Plaintiff's additional cases— Case No. 1:18-cv-2761-LMM—had already been dismissed for failure to state a claim and thus counted as a strike.   In addition, it appears Plaintiff may have incurred at least two additional strikes.   Plaintiff filed two other cases at the same time he filed Case No. 1:18-cv-2761-LMM:   Case No. 1:18-cv-2762-LMM (N.D. Ga. June 4, 2018) and Case No. 1:18-cv-2763-LMM (N.D. Ga. June 4, 2018). Although the United States Magistrate Judge noted that Case No. 1:18-cv-2762-LMM consisted of two motions with "no stand-alone claims" and Case No. 1:18-cv-2763-LMM appeared to be an improper appeal of Plaintiff's state court conviction, both cases were dismissed for failure to state a claim upon which relief may be granted.   *See* Recommendation to Dismiss Compl. at 2, *Ponder v. State of Georgia*, No. 1:18-cv-02762-LMM (N.D. Ga. June 15, 2018), ECF No. 2 ("Because I find and conclude that Ponder has stated no claims upon which relief may be granted in this Court, I **RECOMMEND** that all three cases [i.e., 1:18-cv-2761-LMM, 1:18-cv-2762-LMM, and 1:18-cv-2763-LMM] be **DISMISSED WITHOUT PREJUDICE** . . . ."), *report and recommendation adopted*, (N.D. Ga. July 16, 2018), ECF No. 6 (order adopting recommendation and dismissing action).   These cases may, therefore, also count as strikes under 28 U.S.C. 1915(g).

The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's complaint is difficult to decipher. It seems the incident about which he complains occurred on March 19, 2022. ECF No. 1 at 5. Plaintiff states he discovered another inmate in obvious pain lying on the restroom floor. *Id*. Plaintiff alerted Sgt. Bloodsaw. *Id*. It is unclear how Bloodsaw responded or how she or any other named Defendant are alleged to have violated Plaintiff's constitutional or federal statutory rights. For relief, Plaintiff requests a desire "to be a Rap Superstar and a porn star" and asks the Court to make him "an all-star player alone (sic) with Jayla D. Ponder that (sic) was born 2011."[2] *Id*. at 6.

---

[2] While the Court is dismissing this action without prejudice due to Plaintiff's § 1915(g) strikes, it appears the action could also be dismissed as frivolous or for failure to a state a claim upon which relief may be granted. The event about which Plaintiff complains occurred almost four years ago. ECF No. 1 at 5. The statute of limitations for a § 1983 claim is two years. *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006). Thus, Plaintiff's action is barred by the statute of limitations and could be dismissed as frivolous. *Clark v. State of Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted) (stating that "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous"). Additionally, to state a claim for relief under § 1983, a plaintiff must allege, *inter alia*, that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Plaintiff fails to tell how any named Defendant violated his constitutional or federal statutory rights and, therefore, his complaint could be dismissed for failure to state a claim. *See, e.g., Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc). Finally, while a federal district court has authority to grant injunctive or declaratory relief or award damages, it cannot magically turn Plaintiff into a "Rap Superstar," "porn star," or "all-star player." ECF No. 1 at 6. Thus, the Court would be unable to grant Plaintiff any of the relief he requests.

Plaintiff's allegations regarding an event that occurred almost four years ago do not show an imminent danger of serious physical injury.

In conclusion, because Plaintiff has three strikes under 28 U.S.C. § 1915(g) and has not shown an imminent danger of serious physical injury, it is **ORDERED** that his complaint is **DISMISSED without prejudice**.[3]

**SO ORDERED**, this 18th day of February, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee.